UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAPORT GLOBAL HOLDINGS LLC,

                Petitioner,

– against –

PETAQUILLA MINERALS LTD.,

                Respondent.

**ORDER**

19 Civ. 9347 (ER)

Ramos, D.J.:

      Seaport Global Holdings LLC ("Seaport") brought this action to confirm an arbitration award against Petaquilla Minerals Ltd. ("PTQ") pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9 (the "FAA"), Chapter 2 of the FAA, 9 U.S.C. § 291 *et seq.*, and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"). Doc. 1. Seaport also petitioned the Court for prejudgment interest and for attorney's fees and costs incurred in connection with the motion. Doc. 11, Ex. 2. On May 27, 2020, the Court confirmed the arbitration award, but denied without prejudice Seaport's motion for prejudgment interest and for attorney's fees and costs and directed Seaport to provide further documentation on these issues. Doc. 14.

      Before the Court are Seaport's renewed motions for prejudgment interest and for attorney's fees and costs. Docs. 16, 18.[1] For the following reasons, the motions are GRANTED.

---

[1] Seaport has also moved to seal the attorney billing records submitted in support of this motion. Doc. 17. That motion is GRANTED.

**I.      BACKGROUND**

The Court assumes familiarity with the facts and procedural posture of this action, previously set forth in its May 27, 2020 Order, Doc. 14.  As such, the Court will only recite those facts necessary to the disposition of the instant motion.

Seaport seeks $293,943.98 in prejudgment interest, Doc. 16, and $5,010.35 in attorney's fees and costs, Doc. 11 Ex. B.  As to prejudgment interest, Seaport indicates that this represents a 9% per annum interest rate from the time the final award was transmitted on April 22, 2019, Doc. 1 ¶ 12, until May 27, 2020, when the motion to confirm arbitration was granted.  *See* Doc. 16. As to attorney's fees and costs, Seaport was assisted by counsel from two law firms in the filing of this motion.  Susan D. Emerson, David N. Harris, Jr., and Carter L. Sayers of Scialdone Law Firm, PLLC have submitted billing records indicating that they worked 5.7, 1.0, and 12.3 hours on this matter, respectively.  Doc. 18, Ex. 1.  Ms. Emerson's hourly rate is $110; Mr. Harris's hourly rate is $225; and Mr. Sayers's hourly rate is $210.  *Id.*  After applying a "professional courtesy discount" of $195, the total amount billed is $3,240.  Counsel has also submitted documentation for incurred expenses of $433.30.  Chris Schierloh and Casey Suhovksy of the law firm Casey & Barnett, LLC have also submitted billing records for 1.7 and 4.6 hours of work on this matter, respectively.  Doc. 18, Ex. 2.  Mr. Schierloh's hourly rate is $325, and Ms. Suhovsky's is $165.  *Id.*  This amounts to $1,311.50 in professional services rendered; however, Mr. Schierloh has asserted in his Affirmation that the attorney's fees incurred from Casey & Barnett LLC total only $981.50.  Doc. 11 ¶ 3.  Counsel has also submitted documentation showing $355.65 in expenses incurred in connection with the motion to confirm arbitration.

## II.  DISCUSSION

### A.  Prejudgment Interest

"[T]he purpose of prejudgment interest is to fully compensate the plaintiff, by taking into account the time-value of money." *Webb v. GAF Corp.*, 949 F. Supp. 102, 105 (N.D.N.Y. 1996) (citation omitted). "Whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." *Lodges 743 & 1746, Int'l Ass'n of Machinists v. United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975). However, in the Second Circuit, there is "a presumption in favor of pre-judgment interest." *Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). Although the district court has discretion to set an interest rate, the common practice in this circuit "is to grant interest at a rate of nine percent per annum—which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001–5004—from the time of the award to the date of the judgment confirming the award." *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608 (JKG), 2014 WL 840965, at *8 (S.D.N.Y. Mar. 4, 2014) (internal quotation marks and citation omitted). *But see Sarhank Grp. v. Oracle Corp.*, 01 Civ. 1285 (DAB), 2004 WL 324881, at *4–6 (S.D.N.Y. Feb. 19, 2004) (awarding prejudgment interest using federal rate as determined by 28 U.S.C. § 1961).

Seaport requests prejudgment interest at a rate of 9% per annum from the date of the final award to the date the arbitration was confirmed, for a total of $293,943.98. This rate is in keeping with prejudgment interest rates regularly awarded in this district. *See, e.g.*, *1199/SEIU United Healthcare Workers E.*, 2014 WL 840965, at *8. The Court therefore grants Seaport's request.

### B. Attorney's Fees

As the Court found in its previous motion, an award of attorney's fees is warranted in this case.  Doc. 14 at 8.  The Court has reviewed the records supporting the 25.3 hours of attorney work at hourly rates ranging from $110 to $325 and finds the requested fees reasonable.  It has also reviewed the records supporting costs and finds these reasonable as well.  As such, the Court awards the requested $5,010.35 in attorney's fees and costs.

## III.  CONCLUSION

For the reasons stated above, Seaport's motion is GRANTED.  The Clerk of Court is respectfully directed to calculate prejudgment interest on the final award at a rate of 9% per annum from April 22, 2019 to May 27, 2020.  The Clerk of Court is also directed to add $5,010.35 in attorney's fees and costs to that amount.  The Clerk of Court is directed to terminate the motions, Docs. 16, 17, and 18, and to close the case.

It is SO ORDERED.

Dated:   June 23, 2020
         New York, New York

Edgardo Ramos, U.S.D.J.