UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOC INVESTMENTS, LLC<br>AND EDWARD LAINFIESTA, | No. 1:19-cv-09347-ER |
| Petitioners, | ECF CASE |
| - Against - | STIPULATION AND ORDER OF<br>CONFIDENTIALITY RE POST-<br>JUDGMENT DISCOVERY |
| PETAQUILLA MINERALS LTD., | |
| Respondent. | |

**STIPULATION AND ORDER OF
CONFIDENTIALITY RE POST-JUDGMENT DISCOVERY**

Petitioners DOC Investments, LLC and Edward Lainfiesta together with non-parties Arrowhead Capital Funding LLC ("ACF"), Arrowhead Capital Holdings LLC ("ACH") and AC Management LLC ("ACM" and together with ACH and ACM, "Arrowhead") collectively request that the Court approve this Stipulation and Order of Confidentiality (the "Stipulation and Order"). The specific terms of the parties' agreement is set forth below.

1. On October 9, 2019, Seaport Global Holdings, LLC ("SGH" or "Original Petitioner") commenced the above-captioned civil proceeding (the "Action") to confirm an arbitration award (the "Award") issued on April 22, 2019 in favor of Original Petitioner and against Petaquilla Minerals Ltd. ("Respondent").

2. On May 27, 2020, the Court (Ramos, U.S.D.J.) entered an Order in this action confirming the Award.

3. On May 27, 2020, the clerk of the Court entered a judgment in this action in favor of Original Petitioner and against Respondent in the amount of $2,972,833.31 plus post-judgment interest (the "Judgment").

4. On June 24, 2020, the Court (Ramos, U.S.D.J.) entered an Order granting attorney's fees in favor of Original Petitioner.

5. On June 24, 2020, the clerk of the Court entered an amended judgment in favor of Original Petitioner and against Respondent in the total amount of $3,271,787.64 plus post-judgment interest (the "Amended Judgment").

6. On April 6, 2022 the Court entered an Order amending the Amended Judgment to add DOC Investments, LLC and Edward Lainfiesta as the assignees and transferees of some or all Original Petitioner's rights and interests in and under the Amended Judgement (hereinafter, the term "Petitioners" shall include SGH together with Doc Investments, LLC and Edward Lainfiesta). The Amended Judgment was further amended on April 21, 2022, to substitute DOC Investments, LLC and Edward Lainfiesta, and to amend the case caption (hereinafter, the term "Amended Judgment" shall mean the Amended Judgment as amended on April 6, 2022 and again on April 21, 2022).

7. On or about April 8, 2022, Petitioners' counsel issued three separate document subpoenas on behalf of SGH to Arrowhead, one each to ACF, ACH and ACM (all three such subpoenas, the "Subpoenas").

8. On April 20, 2022, Arrowhead, in accordance with Fed. R. Civ. P. 45(d)(2)(B), served its written objections to the Subpoenas ("Objections").

9. The parties have conferred regarding Arrowhead's Objections and Arrowhead has agreed to a limited search for and production of documents, subject to entry in this proceeding of an appropriate Order to protect the confidentiality of any proprietary or otherwise sensitive information produced by Arrowhead in response to the Subpoenas.

10. Petitioners and Arrowhead stipulate and agree, subject to the Court's approval, that this Stipulation and Order shall govern the production of documents or other information by Arrowhead pursuant to the Subpoenas ("Discovery Material") pursuant to the following terms:

1. If Arrowhead determines in good faith that any Discovery Material to be produced to Petitioner pursuant to the Subpoenas contains or discloses proprietary or non-public information of a commercially, financially or personally sensitive nature such as confidential trade secrets, unpublished financial data, confidential business or products plans, or confidential customer information, or that it would pose a high risk of competitive harm, Arrowhead may designate specifically identified Discovery Material as "CONFIDENTIAL" (such material hereinafter referred to as "Confidential Discovery Material") or "ATTORNEYS' EYES ONLY-HIGHLY CONFIDENTIAL" (such material hereinafter referred to as "AEO Highly Confidential Discovery Material"). For purposes of this Stipulation and Order, both Confidential Discovery Material and AEO Highly Confidential Discovery Material shall be referred to collectively as "Confidential Information," and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal or otherwise disclose such Confidential Information shall be handled in strict accordance with the terms of this Stipulation and Order.

2. Copies and/or originals of Confidential Information that are produced, given or exchanged in connection with this Action shall be designated as such by Arrowhead by stamping or otherwise clearly marking at least on the first page of a document or writing "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL." When the designation is intended to apply to only a portion of a document or writing, that portion shall be clearly marked "CONFIDENTIAL" OR "AEO HIGHLY CONFIDENTIAL."

3. Arrowhead's disclosure of Discovery Material without designating it as "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL" in accordance with the foregoing paragraphs does not constitute a waiver of such right and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be deemed Confidential Discovery Material or AEO Highly Confidential Discovery Material from the time it is designated "CONFIDENTIAL" or "AEO HIGHLY CONFIDENTIAL." Upon receipt of such a supplemental designation by Arrowhead, Petitioners shall exercise its best efforts to ensure that the Discovery Material, and any information derived therefrom, is treated as Confidential Information in accordance with the terms of this Stipulation and Order.

4. Except as otherwise provided herein with respect to "AEO HIGHLY CONFIDENTIAL" documents and information, Confidential Information shall not be disclosed directly or indirectly by Petitioners to persons other than:
   a) the parties to this Stipulation and Order;
   b) Counsel, regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) for use in accordance with this Stipulation and Order;

    c) Witnesses or deponents and their counsel, during the course of, or to the extent necessary to prepare for, depositions or testimony in connection with Petitioner's efforts to collect the Amended Judgment;
    d) Any person indicated on the face of a document to be the author, addressee, or an actual or intended receiving party of the document;
    e) Stenographers engaged to transcribe post-judgment depositions conducted with respect to this Action;
    f) The Court and any appellate court and their support personnel; and/or
    g) Any other person with the written consent of Arrowhead.

    5.    All persons listed in Paragraph 4(c) above, who are given access to Confidential Information or documents or documents containing Confidential Information, therein, shall first execute a written agreement to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court solely for purposes of enforcement of the terms of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted herein. Signed Agreements shall be maintained by counsel for Petitioners as a condition to giving such persons access to Confidential Discovery Material.

    6.    A heightened level of protection will be afforded to Confidential Information designated as "AEO HIGHLY CONFIDENTIAL":
    a) A designation of "AEO HIGHLY CONFIDENTIAL" may be made by Arrowhead only after it has made a good faith determination that the information or documents include or constitute confidential and proprietary information which, if disclosed to the other party, rather than to his, or its counsel, could result in injury or harm to the designated party's interests, including but not limited to documents or information containing or referring to trade secrets or other confidential and/or proprietary information, technical research, design documents and business or financial information.

    b) Information or documents designated as "AEO HIGHLY CONFIDENTIAL" may only be disclosed to outside counsel of record (which may be discussed between attorney and his/her respective client without sending the client the documents), and the persons identified in 5(b)-(h). The parties agree that the person to whom the "AEO HIGHLY CONFIDENTIAL" information or document is disclosed will not use such information of documents received from Arrowhead for competitive purposes, including but not limited to, to conceive, create, design or develop any products that will compete with Arrowhead. The provisions disclosed in Paragraph 6 also apply to information and documents designated as AEO HIGHLY CONFIDENTIAL."

    7.    Petitioners agree that they seek Discovery Materials from Arrowhead solely for the purpose of identifying assets and other property of the Respondent and that they will not use any Discovery Materials obtained from Arrowhead pursuant to the Subpoenas

for any other purpose. Nothing in this Stipulation and Order shall be construed to limit in any way any Arrowhead's use of its own Confidential Information.

8.  All AEO HIGHLY CONFIDENTIAL Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Information shall be filed under seal in accordance with the established procedures and rules of the Court for filing documents under seal, provided however, that counsel for Petitioners shall, before so filing any such documents under seal, meet and confer with Arrowhead's counsel in an attempt to narrow the scope of Arrowhead's confidential designation or narrow the scope of Confidential Information to be filed by Petitioners.

9.  If Petitioners seek leave to file a document produced by Arrowhead under seal or in redacted form on the ground that Respondent or a third party has requested it, their counsel shall notify Respondent or such third party that it must file, within three days, a letter explaining the need to seal or redact the document.

10.  Petitioners may at any time after receiving documents designated as Confidential Discovery Material serve upon counsel for Arrowhead a written notice stating with particularity the grounds of any objection to such designation. Thereafter, the Parties must confer in good faith regarding such designations. The designation of Discovery Material as "CONFIDENTIAL" shall remain in full force and effect until the dispute is resolved by agreement of the parties or ruled upon by the Court.

11.  Each person who has access to Confidential Information shall take all due precautions to prevent the unauthorized disclosure of such Confidential Information.

12.  This Stipulation and Order shall survive the termination of all proceedings in connection with this Action. Unless otherwise agreed to or ordered by the Court, within two (2) years following the Court's entry of an order approving this stipulation and order, all Confidential Information and all copies thereof (with the exception of one file copy that counsel may keep for up to seven years), shall be promptly returned to Arrowhead or destroyed. The parties may agree to extend the 2-year period without need for further order of the Court or, in the event the parties cannot agree on Petitioners' request for a further extension, the 2-year period may be extended by order of the Court upon a showing of good cause.

13.  If Petitioners choose to destroy, rather than return, all Confidential Information they shall provide a certification of such destruction to the Arrowhead's counsel within thirty (30) days following the end of the 2-year period specified in the preceding paragraph (as such period may be extended by agreement or order of the Court). With regard to Confidential Information that has been received electronically and that cannot be returned or destroyed, Petitioners must take reasonable measures to ensure that (i) the documents are electronically deleted, including from "trash" files and (ii) unauthorized persons do not have access to Confidential Information resident on the recipient's computer server and back-up media. Petitioners shall provide a certification of

such disposition to the Arrowhead's counsel within thirty (30) days following the end of the 2-year period (as such period may be extended by agreement or order of the Court).

14. If any of the Petitioners are subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Information, such party shall give written notice by hand or overnight delivery promptly, and in no event later than three (3) business days after receipt of such subpoena or document demand, to Arrowhead's counsel that identifies the Confidential Information sought and encloses a copy of the subpoena or discovery request. Except as ordered otherwise by a court of competent jurisdiction, Petitioners shall refrain from producing any Confidential Information in response to such a subpoena or document demand until the earlier of (i) receipt of written notice from Arrowhead that it does not object to production of the Confidential Information or (ii) resolution of any timely objection asserted by the Arrowhead either by agreement or by order of the court with jurisdiction over the objection of Arrowhead.

15. A party needing relief from the provisions of this Stipulation and Order, or who seeks modification of the Stipulation and Order may, if agreement between or among the parties cannot be reached, seek appropriate relief from the Court upon notice to the other parties.

16. Nothing contained in this Stipulation and Order will be construed as: (a) a waiver by any party of its right to object to any discovery request propounded; (b) a waiver of any privilege or protection available under the controlling law; or (c) a waiver of any party's right to object to the admissibility at any post-judgment evidentiary hearing in the Action.

17. This Court shall retain jurisdiction over all persons subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: June 10, 2022.

**STIPULATED AND AGREED:**

*/s/ Carter L. Sayers*
Carter L. Sayers
Alicia M. Bendana
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Tel: 504-568-1990
Fax: 504-310-9195
csayers@lawla.com
abendana@lawla.com

Christopher M. Schierloh
CASEY & BARNETT LLC
305 Broadway, Suite 1202
New York, NY 10007
(212) 286-0225
cms@caseybarnett.com

**ATTORNEYS FOR PETITIONERS
DOC INVESTMENTS, LLC AND EDWARD LAINFIESTA**


*/s/ Robert M. Fleischer*
Robert M. Fleischer
GREEN & SKLARZ LLC
One Audubon Street, 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
rfleischer@gs-lawfirm.com
**ATTORNEY FOR NON-PARTIES
ARROWHEAD CAPITAL FUNDING LLC,
ARROWHEAD CAPITAL HOLDINGS LLC
AND AC MANAGEMENT LLC**


SO ORDERED:

_____
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE
June 13, 2022